UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP E. JONES,

        Petitioner,

v.                                             CASE NO. 89-CV-72712-DT
                                                  HONORABLE DENISE PAGE HOOD

RAYMOND BOOKER,

        Respondent.
_____/

**ORDER TRANSFERRING PETITIONER'S POST-JUDGMENT MOTION
TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

This matter is pending before the Court on Petitioner's "Motion for Relation Back Doctrine Rule." The motion is really a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(3) through (6). Petitioner seeks relief from the 1991 judgment denying his application for the writ of habeas corpus. He alleges that he is actually innocent of the murder for which he is incarcerated and that the State of Michigan perpetrated a fraud on the courts to obtain his state conviction for first-degree murder.

A motion under Rule 60(b) must be treated as a successive habeas petition if it asserts or reasserts a claim of error in the movant's state conviction. *Gonzalez v. Crosby*, 125 S. Ct. 2641, 2651 (2005). Because Petitioner's motion sets forth several grounds for relief from his state court conviction, his motion must be treated as a second or successive habeas corpus petition.

A state prisoner may not file a second or successive habeas corpus petition unless he or she first obtains an order authorizing the district court to consider the habeas petition. 28 U.S.C. § 2244(b)(3)(A). In this Circuit, when a petitioner files a second or successive petition for habeas

corpus relief in the district court without prior authorization, the district court must transfer the document to the Court of Appeals. *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner has not demonstrated that he sought and obtained permission to file a second or successive habeas petition. Therefore, the Clerk of Court is ORDERED to transfer Petitioner's motion [Doc. #98, April 21, 2006] to the Court of Appeals pursuant to *Sims* and 28 U.S.C. § 1631.[1]

      /s/ Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Date: August 2, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 2, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager

---

[1] Section 1631 provides in pertinent part that:

[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.