UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP E. JONES,

        Petitioner,

v.                                          CASE NO. 89-CV-72712-DT
                                          HONORABLE DENISE PAGE HOOD

RAYMOND BOOKER,

        Respondent.
_____/

## ORDER TRANSFERRING PETITIONER'S SECOND POST-JUDGMENT MOTION TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

This matter is pending before the Court on Petitioner's Motion for Relief from Judgment filed January 9, 2008. On August 2, 2006, the Court entered an Order transferring Petitioner's two Motions for Relation Back Doctrine to the Sixth Circuit Court of Appeals because the Court construed the motions as Motions for Relief from Judgment. Petitioner seeks relief from the 1991 judgment denying his application for the writ of habeas corpus. For the same reasons set forth in the Court's August 2, 2006 Order, this Motion for Relief from Judgment is transferred to the Court of Appeals.

A motion under Rule 60(b) must be treated as a successive habeas petition if it asserts or reasserts a claim of error in the movant's state conviction. *Gonzalez v. Crosby*, 125 S. Ct. 2641, 2651 (2005). Because Petitioner's motion sets forth several grounds for relief from his state court conviction, his motion must be treated as a second or successive habeas corpus petition. A state prisoner may not file a second or successive habeas corpus petition unless he or she first obtains an order authorizing the district court to consider the habeas petition. 28 U.S.C. § 2244(b)(3)(A). In this Circuit, when a petitioner files a second or successive petition for habeas corpus relief in the

district court without prior authorization, the district court must transfer the document to the Court of Appeals. *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997). There is no indication that Petitioner has sought and obtained permission to file a second or successive habeas petition.

Accordingly,

IT IS ORDERED that Petitioner's Motion for Relief from Judgment [Doc. #102] is DENIED without prejudice pending permission from the Court of Appeals.

IT IS FURTHER ORDERED that the Clerk of Court TRANSFER Petitioner's Motion for Relief from Judgment [Doc. #102, Jan. 9, 2008] to the Court of Appeals pursuant to *Sims* and 28 U.S.C. § 1631.[1]

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: August 8, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 8, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

---

[1] Section 1631 provides in pertinent part that:

[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.